## No. 920.

ROBERT H. LITTELL, TESTAMENTARY EXECUTOR, VS. EVRARD W. SYLVESTRE.

'The judgment appealed from is correct. The plaintiff had no personal judgment against the defendant. His judgment bore only on the land in possession of said defendant, and decreed him to give it up to be sold to pay the amount for which it was mortgaged. Defendant made an arrangement by which he gave a draft to plaintiff in part payment, and obtained time for the satisfaction of the balance of the judgment. The draft was protested. Plaintiff, failing to collect the draft, proceeded to execute his judgment. He seized and sold the land, and holding the writ of *fieri facias* unsatisfied, proceeded to sue defendant for the amount of the draft without giving him credit for it or any part of it. This he clearly had no right to do.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan*, J. *J. M. Moore*, for plaintiff and appellant. *Martel & Hudspeth*, for defendant and appellee.

TALIAFERRO, J. The defendant was proceeded against by the hypothecary action as third possessor of mortgaged property. It seems he made an arrangement with the plaintiff to pay fifty-five hundred dollars of mortgage debt on the twenty-fourth of September, 1874, for which he gave a draft on John W. Jones, of the State of Maine, in favor of the executor. The agreement appears to have been that the amount of the draft when paid should be credited on the judgment held by the ·executor against the property, and further time given the defendant to pay the remainder. The draft was protested for non-payment, and the plaintiff proceeded to the sale of the mortgaged premises, which were

adjudicated to the highest bidder for $3333 33, falling far short of the amount due on the mortgage debt. The plaintiff, without giving credit to the defendant for the amount of the draft, instituted suit against him on the draft, with interests and costs. Sylvestre, the defendant, resisted the payment of the draft—

First—On the ground of want and failure of consideration.

Second—That he was discharged by the laches of the payees of the draft, and the indorsers holding under them, in failing to made due demand for acceptance and payment, and by their failing to give him due notice of non-acceptance and non-payment and of the protest.

There was judgment in the lower court in favor of the defendant, and the plaintiff appealed.

We think the judgment appealed from correct. The plaintiff had no personal judgment against Sylvestre. His judgment bore only on the land in possession of Sylvestre, and decreed him to give it up to be sold to pay the amount for which it was mortgaged. The plaintiff, when he failed to collect the draft, proceeded to execute his judgment. He seized and sold the land, and holding the writ of *fieri facias* unsatisfied, proceeded to sue Sylvestre for the amount of the draft without giving him credit for it or any part of it. This he clearly had no right to do.

Judgment affirmed.